WRIGHT et al., Respondents, v. LOTT, Appellant. (Supreme Court, Appellate Division, Third Department. April 14, 1896.) Action by Martha M. Wright and another, as executrices, etc., of John W. Hathorn, deceased, against George W. Lott. Sherman Moreland, for appellant. Rockwell, McDowell & McCann (George McCann, of counsel), for respondents.

PARKER, P. J. John W. Hathorn contracted, by written agreement dated June 30,

1879, to sell to Furman a tract of timber land, at an agreed price; and, in the same instrument, Furman agreed to get the timber and bark off the same, and deliver to Hathorn at or near Lott's Mill, at prices therein fixed. Furman did nothing towards performing the contract on his part; but, in the year 1881 or 1882, the defendant George W. Lott, by mutual consent of all, was substituted for Furman in such contract, and entered upon the premises, and delivered a large amount of lumber and bark therefrom. Payments were from time to time made by Hathorn to Lott on account of work so done, and purchases of lumber were made by Lott from Hathorn. Complaints were also made by Hathorn that Lott did not deliver the lumber and bark as he agreed to, whereby damages and loss accrued to him. Finally, Lott ceased to perform any more work thereon; and in December, 1892, Hathorn commenced this action, to recover the purchase price of the premises, and for an accounting as to all the matters, and amounts due from one to the other under such contract, including damages for Lott's alleged breach of the same. Lott's answer admits his substitution for Furman; denies any breach on his part, except such as was caused by Hathorn's acts; and claims a large balance due to him. It was also agreed upon the trial that an account existing between them prior to Lott's entering into this contract should be tried and decided in this action. The case was referred, and the referee makes a report, charging Lott with a balance of $194.19, and, from the judgment entered thereon, this appeal is taken. There was a large amount of evidence taken upon the trial, and the referee has found against defendant certain items of damage, for not delivering bark in a reasonable time after it was cut and peeled. He has also charged the defendants with the purchase price of the land, and has fixed the items with which both defendant and Hathorn should be charged for lumber delivered and payments made, and for a long account existing between them. His report consists of 58 findings of fact, and 23 conclusions of law,

in which are minutely set forth the items with which each of the parties should be credited. We have carefully examined the evidence bearing upon them all, and find no reason for disturbing the referee's conclusions. On the contrary, we think them fully sustained by the evidence before him; nor do we find any error in his rulings during the trial that has operated to the prejudice of the defendant or would warrant a new trial. The earnest objection which defendant makes to the finding of the referee as to which was the correct agreement under which Lott entered upon the work is not a ground for reversal, even if his conclusion was erroneous in that respect. We think the evidence sustained his finding; but the contract differs so slightly that, under either, the items with which the referee has charged defendant should be sustained. We are also of the opinion that Hathorn was not bound by the contract to furnish a road across the lands of Perry Lott, and that his omission to do so did not excuse Lott from a performance of the contract on his part. We conclude that the referee's report is correct, and that the judgment appealed from should be affirmed. Judgment affirmed, with costs. All concur.